IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LEANNE SMITH § | |
|     Plaintiff, § | |
| v. § | Case No.: **1:11-cv-636** |
| LVNV FUNDING, LLC; § | |
| RESURGENT CAPITAL SERVICES LP § | ORIGINAL |
| ALEGIS GROUP, LLC § | COMPLAINT AND JURY DEMAND |
| RLI INSURANCE COMPANY; § | |

    Plaintiff, LEANNE SMITH ("Smith") brings suit against Defendant LVNV Funding LLC and Resurgent Capital Services, LLC for their for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (FDCPA), the Texas debt collection act, Ch. 392 Tex. Fin. C., and for related violation. Suit is also brought against the bonding company for said defendants, RLI Insurance Company, and against the general partner for Resurgent, Alegis Group, LLC.

### A.   JURISDICTION AND VENUE

1.   The Court has federal question jurisdiction over the lawsuit because the action arises under the Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. 1692, *et seq*. Jurisdiction of the Court arises under 28 U.S.C. 1331 in that this dispute involves predominant issues of federal law, the FDCPA. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202. The court has supplemental jurisdiction under 28 U.S.C. §1367 over plaintiff's claims state law claims plaintiff because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution. The Court specifically has jurisdiction over Defendant RLI under 28 U.S.C. § 1367(a) (the federal court's "supplemental jurisdiction shall include claims that involve the

joinder or intervention of additional parties).

2. Plaintiff LEANNE SMITH is an individual residing in Hays County, Texas.

3. Defendant LVNV FUNDING LLC ("LVNV") a foreign limited liability corporation organized and existing under the laws of the State of Delaware. Defendant LVNV FUNDING LLC may be served with process by serving the <u>Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701</u>, as its agent for service because LVNV engages in business in Texas but does not maintain a regular place of business in this state or a designated agent for service of process, and this suit arose out of said LVNV's business in Texas. Tex. Civ. Prac. & Rem. Code §§17.044(b), 17.045. The Texas Secretary of State may also forward a copy of the summons and complaint of this cause to LVNV's principal place of business, <u>LVNV Funding, LLC, 625 Pilot Road Suite 2, Las Vegas, NV 89119 (Clark County).</u>

4. Defendant RESURGENT CAPITAL SERVICES, LP ("Resurgent") is a limited partnership organized under the laws of the State of Delaware. Resurgent engages in business in Texas but does not maintain designated agent for service of process in Texas. This suit arose out of said Resurgent's business in Texas. Therefore, Resurgent may be served by and through the <u>Texas Secretary of State, One Commerce Plaza, 1019 Brazos Street, Austin, Texas 78701</u>. The Texas Secretary of State may then forward a copy of the summons and complaint to the principal place of business of said defendant, <u>Resurgent Capital Services LP, 15 S. Main St., Greenville, SC 29601 (Greenville County)</u>.

5. Alegis Group, LLC ("Alegis") is the general partner of Resurgent and thus is liable for the debt collection violations and other actions of Resurgent. Defendant Alegis is a limited liability

- 2 –

corporation, organized under the laws of the State of Delaware. Alegis engages in business in Texas but does not maintain designated agent for service of process in Texas. This suit arose out of said Alegis' business in Texas. Therefore, Alegis may be served by and through the <u>Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701</u>. The Texas Secretary of State may then forward a copy of the summons and complaint to Alegis by and through its Delaware registered <u>The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington DE 19801 (New Castle County)</u>.

6. The court has jurisdiction over nonresidents LVNV, Resurgent, and Alegis because they, directly or through agents, transacted business within the state of Texas; committed a tortious act in the state of Texas causing injury to person; committed a tortious act in the state of Texas and 1) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state; 2) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; and/or 3) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

7. Defendant RLI Insurance Company ("RLI Insurance") is a foreign corporation organized and existing under the laws of the State of Illinois, with a principal place of business at 9025 North Lindbergh Dr., Peoria IL 61615 -1431101. RLI may be served by and through its registered agent <u>Roy C. Die, 8 Greenway Plaza Suite 400, Houston, TX 77046-0899</u>. The Court has jurisdiction over Defendant RLI Insurance, a nonresident. Said Defendant has purposefully availed itself of the privileges and benefits of conducting business in Texas by engaging in business in Texas. Specifically, issued a bond to defendants LVNV and Resurgent to collect debts in Texas.

8. Venue is proper in this District because all or a substantial part of the events or omissions giving rise to their claims occurred in Hays County, Texas.

9. All conditions precedent necessary to maintain this action have been performed or have occurred.

## D. STATEMENT OF FACTS

10. This is now the *second* FDCPA lawsuit plaintiff has filed against defendant LVNV Funding, LLC ("LVNV") for its continued attempts to collect a debt that a state court has already adjudicated plaintiff does not owe. This is a all too common practice in the debt collection industry known as "zombie debt collection": a debt that is not owed keeps coming back to life.[1]

11. On or about April 23, 2007 now-defendant LVNV filed a state court lawsuit seeking to collect an alleged credit card debt, Cause No. 10910-C, LVNV Funding, LLC v. Leanne Smith, County Court at Law, Hays County, TX ("the state court action").

12. On July 20, 2007 the court in the state court action entered Take Nothing Judgment, an adjudication on the merits that extinguished the underling debt for which LVNV had filed suit.

13. On August 11, 2008 Smith filed her *first* FDCPA lawsuit against LVNV (and their debt collection law firm) for their FDCPA violations, Case No. 08-cv-00606-JRN, Leanne Smith v. LVNV Funding, LLC, et al., Federal District Court, Western District – Austin Division. Resurgent and Alegis were not parties to this first FDCPA lawsuit.

---

1 *See, e.g.,* Holland, Peter A., *The One Hundred Billion Dollar Problem in Small Claims Court: Robo-Signing and Lack of Proof in Debt Buyer Cases* (2011). Journal of Business & Technology Law, Vol. 6, pp. 101-103; University of Maryland Legal Studies Research Paper No. 2011-32. Available at SSRN: http://ssrn.com/abstract=1875727 (last checked July 26, 2011); Fontinelle, Amy, *Beware Of Zombie Debt Collectors*, Investopedia, October 31, 2008, Available at http://is.gd/8RyBKS (last checked July 26, 2011).

14. Ms. Smith's claims in the first FDCPA suit were based on the following. LVNV had filed the collections lawsuit which brought causes of action that were time-barred. LVNV made an end-run around her attorney and contacted Ms. Smith directly. LVNV contacted Ms. Smith's family. LVNV continued to report the debt on plaintiff's credit report's despite the fact that the court adjudicated by way of the Take Nothing Judgment that the debt was not owed. LVNV even (falsely) verified that the debt was owed in response to Ms. Smith's credit report disputes.

15. The first FDCPA lawsuit was settled, and this court, Judge James R. Nowlin presiding, entered a Final Judgment dismissing the case on July 28, 2009.

16. Incredibly, after the dismissal of the first FDCPA suit, LVNV continued to report to the credit reporting agencies that Ms. Smith still owed the debt.

17. Without limitation, the reporting took place from August, 2010, and each month thereafter through at least February, 2011.

18. For example, LVNV reported to TransUnion and Equifax (CSC) on January, 2011 that Ms. Smith owed $7,661.

19. On information and belief, the amount LVNV and Resurgent reported to the credit reporting agencies included court costs in the state collections lawsuit that LVNV lost.

20. On information and belief, the reporting to the credit reporting agencies on behalf of LVNV is done by its servicer and agent Resurgent Capital Services, LLC ("Resurgent").

21. By reporting to the credit reporting agencies that plaintiff owed a debt that the state court had already adjudicated plaintiff did not owe, LVNV and Resurgent communicated factual misrepresentations regarding plaintiff's credit worthiness to the credit reporting agencies and,

- 5 –

through the agencies, to prospective creditors seeking to extend credit; existing creditors reviewing the credit report to determine the terms upon which it would continue to offer credit; and prospective creditors making promotional inquiries seeking to determine if they should send plaintiff credit particular credit offers. The false statements of LVNV and Resurgent are libel per se. These statements made it more difficult for plaintiff to obtain credit, maintain credit, or receive offers of credit on terms as favorable as they would be without the factual misrepresentations of LVNV and Resurgent. The actions of LVNV and Resurgent have damaged plaintiff.

22. Defendant Alegis Group, LLC is the general partner of Resurgent, and is thus jointly and severally liable for the actions of Resurgent.

23. Defendant RLI Insurance is the bonding company for defendants LVNV and Resurgent. Pursuant to Tex. Fin. C. § 392.102 and pursuant to the terms of the bond agreement itself, said bonding companies are liable for the debt collection violation claims plaintiff can bring against the respective debt collectors for which they provide a bond. Therefore, when this complaint refers to liability of LVNV or Resurgent it applies equally to RLI.

### E.   COUNT # 1: Violations of the federal Fair Debt Collection Practices Act

24. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

25. The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect

consumers against debt collection abuses." 15 U.S.C. § 1692(e). See also Hamilton v. United Healthcare of La., Inc., 310 F.3d 385, 392 (5th Cir.2002) (holding that "Congress, through the FDCPA, has legislatively expressed a strong public policy disfavoring dishonest, abusive, and unfair consumer debt collection practices, and clearly intended the FDCPA to have a broad remedial scope"). Congress designed the FDCPA to be enforced primarily through private parties – such as plaintiff – acting as "private attorneys general." See S. Rep. No. 382, 95th Con., 1st Sess. 5, ("The committee views this legislation as primarily self-enforcing; consumers who have been subject to debt collection abuses will be enforcing compliance").

26. The case at bar is a prototypical case that the FDCPA was designed to eliminate: a debt collector attempting to collect a debt that the consumer does not owe. See Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222, 1225 (9th Cir. 1988)(citation and internal quotation omitted) ("Congress designed the [FDCPA] to eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.")

27. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because she was alleged to owe a debt.

28. The obligation alleged by LVNV and Resurgent to be owed by plaintiff is a "debt" as defined by 15 U.S.C. § 1692a(5) because the putative debt credit card debt was incurred primarily for family, personal or household purposes.

29.  Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

30.  LVNV, Resurgent, and Alegis are each a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6).

31. LVNV is a debt collector because it purchases millions of alleged consumer debts after they are in default with the putative original creditor. LVNV attempts to collect these debts indirectly through servicers and debt collection law firms who send hundreds of thousands of collection letters, report monthly hundreds of thousands off accounts on the credit reports of consumer, make hundreds of thousands of collection telephone acts, and pursuing at least tens of thousands of collection lawsuits.

32. Resurgent is a debt collector because it is attempts to collect alleged debts owned by others – including LVNV – by reporting hundreds of thousands of alleged accounts to the credit reporting agencies each month, by sending out hundreds of thousands of collection letters, by making hundreds of thousands of telephone calls. Resurgent is the "servicer" of the alleged debt in this case and did the credit reporting on behalf of LVNV.

33. Alegis Group, LLC is a general partner of Resurgent. Alegis is also a debt collector because it attempts to collect debts indirectly, through Resurgent and through the sub-servicers retained by Resurgent.

34. The actions of LVNV and Resurgent enumerated in the above statement of facts constitute an attempt to collect a debt or were taken in connection with an attempt to collect a debt within the meaning of the FDCPA.

35. LVNV and Resurgent violated the following sections of the Fair Debt Collection Practices Act (the "FDCPA"): 15 U.S.C. 1692d, 1692e, 1692f, and 1692g. By way of example and not limitation LVNV and Resurgent violated the FDCPA by taking the following actions in an attempt to collect an alleged debt, or in connection with the collection of an alleged debt: engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person;

using false, deceptive or misleading representations or means; making a false representation of the character, amount or legal status of a debt; misrepresenting the compensation which may be lawfully received by any debt collector; threatening to take or actually taking an act prohibited by law; communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed; using false representations or deceptive means; using unfair or unconscionable means; and seeking to collect an amount not expressly authorized by contract or law.

36. Plaintiff seeks attorney's fees, costs, actual damages and statutory damages of $1,000.00 for these violations on the federal act.

### F.   COUNT # 2: Violations of the Texas debt collection statute, Tex. Fin. C. § 392.001 *et seq*

37. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

38. The obligation LVNV and Resurgent alleged plaintiff owed is a "consumer debt" as that term is defined in Tex. Fin. C. § 392.001(2) because the debt was incurred primarily for personal, family, or household purposes.

39. Plaintiff is a "consumer" as that term is defined in Tex. Fin. C. § 392.001(1) because she was alleged to owe a consumer debt.

40. LVNV, Resurgent and Alegis are each a "debt collector" and a "third-party debt collector" as those terms are defined in Tex. Fin. C. § 392.001(6) and (7) for the same reasons they are a

Last printed 7/26/2011 11:12:00 AM

"debt collector" under the FDCPA, 15 U.S.C. § 1692a(6).

41. At all times relevant to this suit RLI insurance has been the bonding company for LVNV and Resurgent pursuant to Tex. Fin. C. § 392.102.

42. LVNV and Resurgent violated Tex. Fin. C. § 392.001 et seq., the Texas debt collection act. By way of example and not limitation LVNV and Resurgent have violated the statute by misrepresenting the character, status, and amount of the debt; making fraudulent, deceptive, or misleading representations; using an unfair or unconscionable means to collect a debt; using threats, coercion or attempts to coerce; threatening to take and actually taking an act prohibited by law; oppressing, harassing, or abusing a person; collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer; representing or threatening to represent to any person other than the consumer that a consumer is willfully refusing to pay a non-disputed consumer debt when the debt is in dispute and the consumer has notified, in writing the debt collector of the dispute; failing to correct their collection files and take the other steps required by Tex. Fin. C. § 392.201 *et seq* when receiving a written dispute.

43. A prevailing consumer in a Texas debt collection action is entitled to actual damages, additional statutory damages of *not less than* $100.00 *per violation*, and mandatory attorney's fees and cost, and these are so sought. Smith also seeks a permanent injunction to prohibit LVNV and Resurgent from again violating the debt collection statutes. Ms. Smith also seeks injunctive relief to enjoin LVNV and Resurgent from again reporting the extinguished debt to the

credit reporting agencies, and to remove any existing reporting.

### G.    COUNT # 3: Tort of unfair debt collection.

44. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

45.   The actions that violate the debt collection statute also constitute the tort of wrongful debt collection, which allows for the recovery of actual and punitive damages, and are so sought. Duty v. General Finance Company, 273 S.W.2d 64 (Tex. 1954).

46. Plaintiff's injuries resulted from the malice or actual fraud of Cavalry, CMS and NAFS, which entitles plaintiff to exemplary damages under Tex. Civ. Pract. Rem. C. § 41.003(a).

### H.    COUNT #4: Providing false credit information in violation of Tex. Fin. C. § 391.001 et seq.

47. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

48.   LVNV and Resurgent violation Tex. Fin. C. § 391.001 *et seq* by furnishing false credit information. LVNV and Resurgent furnished false information about Smith's creditworthiness, credit standing, or credit capacity to a credit reporting agency in violation of Tex. Fin. C. § 391.002. LVNV and Resurgent are liable for statutory damages of $200.00 per violation, actual damages, exemplary and punitive damages, and attorney's fees and costs for its actions.

### I.    COUNTS # 5 & 6: Libel and intentional misrepresentation

49. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

- 11 –

50. LVNV and Resurgent committed the tort of liable against Plaintiff. LVNV and Resurgent communicated factual misrepresentation regarding Plaintiff's credit worthiness to the credit reporting agencies and, through the agencies, to prospective creditors seeking to extend credit, existing creditors reviewing the accounts to determine the terms upon which it would continue to offer credit, if any, and promotional inquiries from prospective creditors seeking to determine if they should send Plaintiff credit particular credit offers. LVNV and Resurgent's false statements are libel per se. On information and belief, these statements made it more difficult for Plaintiff to obtain credit, maintain credit, or receive offers of credit on terms as favorable as they would be without LVNV and Resurgent's factual misrepresentations. In the alternative, if LVNV and Resurgent made any of the statements in a manner other than in writing, Smith brings these claims as slander. Plaintiff seeks strict liability damages, actual, exemplary and punitive damages for these violations. Plaintiff's injuries resulted from the malice or actual fraud of LVNV and Resurgent which entitles plaintiff to exemplary damages under Tex. Civ. Pract. Rem. C. § 41.003(a).

### J.    COUNT # 7: Negligence & gross negligence, including negligent misrepresentation.

51. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

52. LVNV and Resurgent owed a legal duty to Ms. Smith.  Without limitation this includes the duty to use ordinary care in making representations and ascertaining the accuracy of information of information given to others, including the credit reporting agencies. Edco Products Inc., 794 S.W.2d 69, 76-77 (Tex.App.—Austin 1990, writ denied); and the duty to use reasonable care in

- 12 –

performing services, including in performing credit reporting services. <u>Colonial Sav. Ass'n</u>, 544 S.W.2d 116, 119-20 (Tex. 1976). LVNV and Resurgent breached their legal duty, and the breach proximately causing Ms. Smith harm.  LVNV and Resurgent reported to the credit reporting agencies that Ms. Smith owed a debt when she did not. LVNV and Resurgent is also liable for negligent hiring, training, supervision or retention of competent employees, including employees who perform reporting to the credit reporting agencies. <u>See</u>, <u>e.g.</u> <u>Morris v. JTM Materials</u>, 78 S.W.3d 28, 49 (Tex.App.—Fort Worth 2002, no pet.). Ms. Smith brings these negligence claims in addition to the above causes of action, or, to the degree that the negligence claims are inconsistent with the above claims, the negligence claims are brought in the alternative to the above claims. Ms Smith seeks exemplary and punitive damages for these acts. Plaintiff's injuries resulted from the malice or actual fraud of  LVNV and Resurgent which entitles plaintiff to exemplary damages under Tex. Civ. Pract. Rem. C. § 41.003(a).

### K.   COUNT # 8: Declaratory and injunctive relief.

53. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

54. Smith seeks declaratory relief that LVNV and Resurgent committed the above violations and an injunction to prevent LVNV and Resurgent from again engaging in the conduct giving rise to these claims.  C.P.R.C. § 37.004(a).  Ms. Smith seeks attorney's fees and costs. C.P.R.C. § 37.009; <u>Butnaru v. Ford</u> Motor Co., 84 S.W.3d 198, 210 (Tex. 2002) (injunction issued under principles of equity). Ms. Smith seeks attorney's fees, costs, actual damages, exemplary and punitive damages. Ms. Smith also seeks declaratory and injunctive relief to enjoin LVNV and Resurgent from again reporting the extinguished debt to the credit reporting agencies, and to

remove any existing reporting.

## L.  JURY DEMAND.

55. Plaintiff demands trial by jury.

## M.  PRAYER

56. For these reasons, Plaintiff asks for judgment against defendants for the following:

   i.   The above referenced relief requested;

   ii.  Statutory damages (including $1,000.00 pursuant to 15 U.S.C. § 1692k (FDCPA); no less than $100 per violation pursuant to Tex. Fin. C. § 392.403(e) (Texas debt collection act); statutory damages of $200.00 per violation of the Tex. Fin. C. § 391.001 *et seq*.

   iii. Actual and economic damages within the jurisdictional limits of the court;

   iv.  Attorney fees and costs of court;

   v.   Exemplary and punitive damages;

   vi.  Prejudgment and post-judgment interest as allowed by law;

   vii. Costs of suit;

   viii. General relief;

   ix.  An injunction prevent similar unlawful conduct now and in the future;

   x.   And injunction to enjoin LVNV and Resurgent from again reporting the extinguished debt to the credit reporting agencies, and to remove any existing reporting.

   xi.  All other relief, in law and in equity, to which Plaintiff may be entitled.

Respectfully submitted,

/s/
Ahmad Keshavarz
Attorney for Plaintiff

State of Texas Bar Number: 24012957

The Law Offices of Ahmad Keshavarz
16 Court St., 26th Floor
Brooklyn, NY 11241-1026

Phone: (718) 766-8376
Fax:   (877) 496-7809
Email: ahmad@AustinConsumerAttorney.com